request of the plaintiff was intended merely as a finding that until the time therein stated the bankrupt was the *record* owner of the mortgage; but whether that is the theory on which it was made, or whether it was made through inadvertence, is immaterial, for this court is no longer required to grant new trials in causes tried before the court on account of inconsistent findings, but may reverse or modify the findings according to the evidence as viewed by the members of the appellate court. C. C. P., § 1317; Bonnette v. Molloy, 153 App. Div. 73, 138 N. Y. Supp. 67; Id., 209 N. Y. 167, 102 N. E. 559; Lamport v. Smedley, 213 N. Y. 82, 106 N. E. 922; Acme Realty Co. v. Schinasi, 215 N. Y. 495, 109 N. E. 577, L. R. A. 1916A, 1176; Rives v. Bartlett, 215 N. Y. 33, 109 N. E. 83.

It follows, therefore, that the sixth finding contained in the plaintiff's proposed findings of fact should be reversed, and the judgment affirmed, with costs. Order filed. All concur.

---

(173 App. Div. 223)

### FILI et al. v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

1. MASTER AND SERVANT ⚷286(30)—QUESTION FOR JURY—NEGLIGENCE.

In an action for death of a railroad employé, crushed between a car on which he was riding under orders and a derailed coal car on another track, which leaned over so- that it was within 7 to 15 inches of the moving cars, and had been allowed to remain so for a month, whether the railroad was negligent held for the jury under the evidence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1020; Dec. Dig. ⚷286(30).]

2. MASTER AND SERVANT ⚷289(32)—TRIAL—QUESTION FOR JURY—CONTRIBUTORY NEGLIGENCE.

Whether the deceased was guilty of contributory negligence in boarding the car held for the jury under the evidence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1124; Dec. Dig. ⚷289(32).]

McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Guiseppe Fili and another against the Lehigh Valley Railroad Company. From a judgment dismissing the complaint after the evidence was submitted, plaintiffs appeal. Reversed, and new trial ordered.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and PAGE, JJ.

Rosario Maggio, of New York City, for appellants.
Clifton P. Williamson, of New York City, for respondent.

SMITH, J. The action is to recover damages for the death of the plaintiff's son caused, as it is claimed, by defendant's negligence. The cause of action arose in the State of Pennsylvania. The plaintiffs afterwards came to this state to reside, and while here this

action was brought. No question is made by defendant as to the form of the action or the right of recovery, if the death has been caused by the defendant's negligence without negligence on the part of the deceased.

The deceased was a laborer working in a gang in the employ of the defendant in dumping and distributing ashes used in the construction of switch tracks in connection with the defendant's road at Easton, Pa. An engine would bring four or five cars of ashes. A gang of Italians, composed of from 20 to 25, would be on hand, first to dump the ashes from the cars, and then to distribute the ashes, and to tamp them under the ties. The tracks in process of construction were in the defendant's yards at Easton. There was one main track and four switch tracks, branching off from the main track. As the witnesses were all Italians, and most of them had been examined through an interpreter, the exact situation is not perfectly clear. Enough has been shown, however, to indicate what disposition should be made of the questions of law raised.

[1] Upon the day in question the ash train, consisting of an engine and four or five cars filled with ashes, had come upon this main track, and according to some of the evidence was switched upon the second branch track, upon which second branch track the ashes were being dumped. The ashes from all but one of the cars had been thrown to the ground, and the foreman then directed the engine to back up the other car 25 or 30 feet to a place where he desired the ashes to be dumped from the last car. Upon the first branch from this main track a car had been run in and had become derailed. That is called the "coal car." After its derailment it leaned over, so that when the cars were backed in upon the second branch, upon which the men were working, upon this day the derailed car was only from 7 to 15 inches away from the cars as they passed by upon the second track. This derailed car had so remained for a month, and to suffer it to remain in such close proximity to a track upon which other cars were being constantly moved with materials for track building and laborers for the dumping of such materials was, in my judgment, clearly negligence on the part of the defendant. At least the jury might so determine.

[2] When the foreman ordered the engine to back up the cars 25 or 30 feet, there were already two men upon the car which contained the ashes. They, with the deceased, were required to be upon the car to dump the ashes. The deceased stepped upon the side of the car to go back with the car, and while upon the side of the car was crushed between the car and the derailed coal car, which stood in close proximity to the track. It cannot, in my judgment, be said to be contributory negligence as matter of law for this man to have jumped upon this car. The evidence is contradictory whether, when deceased boarded the car, the car was moving or at rest. He could hardly measure with his eye how near the car would pass the derailed car, and, moreover, he was expected to be with the car for the purpose of dumping the ashes from it when it stopped. I think it was a question for the jury, therefore, whether he was negligent.

Now this statement of fact is challenged by the defendant. By the evidence of the foreman it is claimed to have been shown that the train was being sent back upon this second branch after all the ashes were dumped, and after the foreman had directed all of the men to get off of the cars, for the purpose of spreading the ashes. But plaintiffs' witnesses certainly make a question for the jury as to whether the ashes had all been dumped, and the weight of the evidence is, in my judgment, that the last car had not been dumped. Moreover, none of the plaintiffs' witnesses heard the foreman direct all the men to get off from the car, and the foreman himself swears that when the accident happened he does not know whether all the ashes were out of the car or not. He swears at one time that when the car was backed up 25 or 30 feet the deceased was upon the car, "because it was his duty to be there, as the ashes were not all dumped out." It is claimed that he afterwards swore that he referred to the backing up of the train at a different time and upon the main track. The jury may well have found, however, that he meant at the time the train backed up when the accident occurred. It is not probable that these four men jumped upon this train contrary to orders, for the purpose of riding back upon a switch, with no purpose in view except to get a ride. The probabilities very strongly corroborate the plaintiffs' contention that, when this car was backed and the accident happened, the car was not entirely unloaded, and that the duty of the deceased was to be upon the car for the purpose of shoveling out the ashes.

As before stated, it is difficult to get the exact situation. A question of fact was clearly presented to the jury, both as to the defendant's negligence and as to the contributory negligence of the deceased. The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., and DOWLING and PAGE, JJ., concur.

McLAUGHLIN, J. (dissenting). The evidence, in my opinion, does not justify a finding that the defendant was negligent. It was not bound to anticipate that any one would ride on the side of a car without being directed to do so.

I also think that plaintiff's intestate was guilty of negligence in getting upon the car. He was in a position of safety when the order was given to move the train. He voluntarily left that position, and attempted to get onto the car while it was in motion.

I think the judgment should be affirmed.